IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN MCCLAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-422 (MTT) |
| Warden CLINTON PERRY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Defendant Lisa Linder's motion to dismiss for failure to exhaust administrative remedies. Doc. 94. Linder objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the Recommendation to which Linder objects.

In her objection, Linder first argues that Plaintiff Calvin McClain "[did] not assert in the grievance that any nurse's actions outside of medical that morning resulted in or caused the medical emergency." Doc. 100 at 3. However, the attached witness statement, which is incorporated by reference into the grievance, clearly raises the issue of the nurses' conduct. Doc. 64-2 at 8. As the Magistrate Judge noted, McClain's failure to specifically name Linder does not change the fact that his grievance raised the issue of her conduct and alerted prison staff to that issue.

Linder also argues that the Court should disregard the witness statement because it is one and a half pages long, but the prison Standard Operating Procedure—which Linder filed, for the first time, as an attachment to her objection—limits attachments to grievances to one page. Doc. 100 at 8. However, prison staff do not

appear to have rejected the witness statement, limited it to one page, or rejected the grievance.  Nor has Linder cited authority that a court should enforce prison grievance rules even after prison grievance staff have waived them.  And if the Court did, nonetheless, enforce that rule, it would limit the witness statement to one page—and the first page raises the issue of Linder's conduct.

Finally, Linder argues that McClain did not discuss her conduct in his grievance appeal and, thus, somehow waived or abandoned them.  Although it is true that the grievance policy Linder filed with her objection states that inmates should state the issues they intend to raise on appeal, that does not necessarily mean that an inmate must re-allege every factual allegation in a grievance appeal.  And even if McClain's appeal were substantively deficient in some way, Linder has cited no authority for her argument that that precludes exhaustion.[1]

For those reasons, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 94) is **ADOPTED** and made the Order of the Court, and Linder's motion to dismiss (Doc. 64) is **DENIED**.

Additionally, McClain filed an "objection" the Magistrate Judge's order denying McClain's motions for a subpoena, motions for appointment of counsel, and motion to amend.  Doc. 101.  The Court construes this as an objection pursuant to Federal Rule of Civil Procedure 72(a).  The Court has considered the objection and finds McClain has not established that the Magistrate Judge's rulings were clearly erroneous or contrary to

---

[1] The Court has granted many motions to dismiss for failure to exhaust due to inmates' failure to appeal or failure to timely appeal.  But Linder's argument is something new, and she offers no support for it.

law.[2]  *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A [district court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  Accordingly, his objection (Doc. 101) is **REJECTED**, and the Magistrate Judge's Orders (Doc. 94) are **AFFIRMED**.

Because the motion to dismiss has been resolved, the stay on discovery is **LIFTED**.

**SO ORDERED**, this 19th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even if the Court reviewed the orders *de novo*, it would affirm them.