IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN MCCLAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:19-cv-422 (MTT) ) |
| Warden CLINTON PERRY, *et al.*, | ) ) |
| Defendants. | ) ) |

_____

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends granting Defendants' motion for summary judgment (Doc. 84) as to Defendants Perry, Spikes, and Smith but denying Defendants' motion as to Defendants King and Prince in this 42 U.S.C. § 1983 action.[1]  Doc. 118.  McClain objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the Recommendation to which McClain objects.

McClain argues that Defendants Perry, Spikes, and Smith were deliberately indifferent because they failed to ensure he regularly received his blood pressure medication, ultimately resulting in his heart attack on June 7, 2018.  Doc. 121 at 2.  The Magistrate Judge reasoned such claims must fail, amongst other reasons, because "Plaintiff has not demonstrated subjective knowledge by the Defendants that Plaintiff was at risk of regularly not receiving his blood pressure medication prior to his heart attack[.]"  Doc. 118 at 6.  In his objection, McClain argues he submitted "numerous

---

[1] Two nurse defendants did not join in the motion.  Doc. 118 at 1.  A third nurse defendant filed a separate motion for summary judgment which remains pending before the Magistrate Judge.  Doc. 108.

[e]xhibits" that establish such knowledge, to include documents submitted to the Court on February 21, 2020.  Doc. 121 at 2.  But, as the Magistrate Judge noted, all those documents "postdate Plaintiff's heart attack … [and] even if Plaintiff could show that he submitted a letter to Defendants Perry, Spikes, or Smith pertaining to problems with his pre-heart-attack receipt of medication," he would also have to "cite some evidence showing that the Defendants actually received the letter and that they processed its contents."  Doc. 118 at 7.  McClain has made neither such showing.  Accordingly, his objection (Doc. 121) is **OVERRULED**.

The Magistrate Judge also recommends denying Defendants' motion as to Defendants King and Prince because a dispute of fact exists regarding whether King was present during McClain's heart attack on June 7, 2018, and because a reasonable jury could find King and Prince acted with deliberate indifference in responding to that heart attack.  Doc. 118 at 4.  King and Prince have not objected to the Recommendation, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

During his deposition, McClain stated he had to be "mostly carried" from the dorm to the control room.  Doc. 118 at 10.  Once in the control room, McClain told King and Prince he was "unable to breathe" and that he had pain and pressure "like elephants are squeezing on my chest."  *Id.* (citations omitted).  Rather than immediately obtaining emergency medical care, King and Prince required McClain to wait an hour until Central State Prison's medical facility opened.  *Id.* at 8-9.  King and Prince initially argued they are entitled to qualified immunity because their conduct does not rise to the level of a constitutional violation.  Doc. 84-1 at 13-14.  Their reply merely noted

"Defendants are entitled to qualified immunity because McClain cannot establish a violation of clearly established law." Doc. 102 at 2.  Defendants did not, however, expand upon that point.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  A plaintiff may establish "clearly established" law in three ways. *Mercado v. City of Orlando* 407 F.3d 1152, 59 (11th Cir. 2005).  First, a plaintiff can show that a materially similar case has already been decided, consisting of binding precedent by the Supreme Court, the Eleventh Circuit, or the highest court of the pertinent state. *Id.* Second, a plaintiff can show that a broader clearly established principle should control the novel facts of the particular case—that is, the unlawfulness of the instant conduct must be apparent by looking to the guiding principles of the previous case, irrespective of the underlying factual situation. *Id.*  Third, a plaintiff can show that the conduct is so egregiously unconstitutional that prior case law is unnecessary. *Id.*  In application, categories two and three blend. *See, e.g., Patel v. City of Madison, Alabama*, 959 F.3d 1330, 1343 (11th Cir. 2020) (holding that "both the second and third methods lead to the conclusion that, under [the plaintiff's] version of the facts, the law was clearly established that [the defendant's] takedown of [the plaintiff] violated [the plaintiff's] right to be free from the use of excessive force.").

After the Magistrate Judge concluded that a triable issue exists as to whether King and Prince acted with deliberate indifference in responding to McClain's June 7,

2018 heart attack, the Recommendation went to note neither King nor Prince are entitled to qualified immunity because a "core principle of Eighth Amendment jurisprudence in the area of medical care" is that "prison officials with knowledge of the need for care may not, by failing to provide care [or] delaying care … cause a prisoner needlessly to suffer the pain resulting from his or her illness." *Id.* at 10 (quoting *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999)).  The Court agrees that King and Prince's decision to merely watch McClain sustain a heart attack for nearly an hour before providing medical care constitutes a violation of the clearly established principle enunciated in *McElligott*, such that no materially similar case is required to put King and Prince on notice of the unlawfulness of their conduct.

For those reasons, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 118) is **ADOPTED** and made the Order of the Court, and Defendants' motion for summary judgment (Doc. 84) is **GRANTED in part** regarding McClain's claims against Defendants for delays in providing medication but **DENIED in part** regarding McClain's claims of deliberate indifference against Defendants King and Prince for failing to provide medical care in response to his June 7, 2018, heart attack.  Accordingly, McClain's deliberate indifference claims against Defendants King and Prince stemming from his June 7, 2018, heart attack shall proceed to trial for resolution.

**SO ORDERED**, this 7th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
