IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN MCCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-422 (MTT) |
| | ) |
| Warden CLINTON PERRY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For at least the seventh time, Plaintiff Calvin McClain requests the appointment of counsel to represent him in this in this 42 U.S.C. § 1983 action.  Doc. 128.  The Court has denied all of McClain's prior motions.  Docs. 9, 43, 94, 112; 116.  McClain's current request raises arguments similar to his past motions.  *See* Doc. 128-2.  As previously explained, "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).  Rather, it is a privilege justified only by exceptional circumstances.  *Id*.  In deciding whether counsel should be appointed, the Court considers, among other factors, the merits of the plaintiff's claims and the complexity of the legal issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Upon consideration of these factors, the Court notes that McClain has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent.  Moreover, McClain has successfully litigated at least some of those claims thus far.  Docs. 123; 127.  McClain's motion to appoint counsel (Doc. 128) is **DENIED**.

-2-

McClain, recently paroled and under supervised release by the Georgia Department of Corrections, also moves the Court to dispose of this civil case "with equity and unconditional release." Doc. 130. Settlement agreements must be negotiated by the parties and not unilaterally imposed by the Court. Accordingly, McClain's motion (Doc. 130) is **DENIED**.

**SO ORDERED**, this 8th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT